IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

AMANDA VANSKIVER, §
§
        Plaintiff, §
§
v. §    CIVIL ACTION NO. H-17-3365
§
CITY OF SEABROOK, TEXAS, §
§
        Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Amanda Vanskiver ("Plaintiff"), sued defendant, the City of Seabrook, Texas ("Defendant" or "the City"), in the 234th Judicial District Court of Harris County, Texas.[1] Plaintiff asserts claims against Defendant under the Texas Tort Claims Act and under 42 U.S.C. § 1983 for the actions of its employee in violation of civil rights guaranteed by the Fourth Amendment to the United States Constitution. Defendant timely removed this action to this court.[2] Pending before the court is Defendant's Motion to Dismiss (Docket Entry No. 2). Vanskiver filed Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Response") (Docket Entry No. 3), Defendant filed a Reply (Docket Entry No. 4), and Vanskiver filed Plaintiff's Supplemental Response to Defendant's

---

[1] See Plaintiff's Original Petition, Exhibit A to Defendant's Notice of Removal and Jury Demand, Docket Entry No. 1-1.

[2] See Defendants' Notice of Removal and Jury Demand ("Notice of Removal"), Docket Entry No. 1.

Reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Plaintiff's Supplemental Response") (Docket Entry No. 5). For the reasons set forth below, Defendant's Motion to Dismiss will be granted.

## I. Factual Allegations and Procedural Background

On January 28, 2017, plaintiff Amanda Vanskiver sustained physical injuries caused by Defendant's employee, Officer D. Hough.[3] Plaintiff alleges that Officer Hough wrongfully placed her under arrest and then put weight and pressure on her arms and shoulders with his baton, causing Plaintiff to fracture her arm.[4] Plaintiff alleges that Officer Hough was at all times "acting under the color of the laws and regulations of the City of Seabrook, Texas."[5] Plaintiff also alleges that

> Officer Hough was acting under regulations, policies and customs that enabled him to act with deliberate indifference to the constitutional rights of individuals, including without limitation, your Plaintiff. These policies and customs failed to adequately train and supervise their employees and encouraged Defendant's employee, specifically Officer Hough, to ignore the constitutional rights of persons similarly situated to Plaintiff, including your Plaintiff. . . .[6]

Plaintiff alleges that "[a]ll actions and inactions of the employees of the Defendant are imputed to the Defendant under the

---

[3]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 2.

[4]Id.

[5]Id.

[6]Id. at 2-3.

legal theory of Respondeat Superior."[7]  The City argues that
Vanskiver has failed to plead facts that would support a claim for
relief against the City.

## II.  Standard of Review

Under the Federal Rules of Civil Procedure a pleading must
contain "a short and plain statement of the claim showing that the
pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
plaintiff's pleading must provide the grounds of his entitlement to
relief, and "a formulaic recitation of the elements of a cause of
action will not do. . . ."  Bell Atlantic Corp. v. Twombly, 127
S. Ct. 1955, 1965 (2007).  "'[N]aked assertion[s]' devoid of
'further factual enhancement'" or "[t]hreadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  See Ashcroft v. Iqbal, 129 S. Ct.
1937, 1949 (2009).  "[C]onclusory allegations or legal conclusions
masquerading as factual conclusions will not suffice to prevent a
motion to dismiss."  Fernandez-Montes v. Allied Pilots Ass'n, 987
F.2d 278, 284 (5th Cir. 1993).  Instead, "[a] claim has facial
plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the
pleadings and is "appropriate when a defendant attacks the

_____

[7]Id. at 3.

-3-

complaint because it fails to state a legally cognizable claim."
Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert.
denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002).  To
defeat a motion to dismiss, a plaintiff must plead "enough facts to
state a claim to relief that is plausible on its face."  Twombly,
127 S. Ct. at 1974.  The court does not "strain to find inferences
favorable to the plaintiffs" or "accept conclusory allegations,
unwarranted deductions, or legal conclusions."  Southland Securities
Corp. v. INSpire Insurance Solutions, Inc., 365 F.3d 353, 361 (5th
Cir. 2004) (internal quotation marks and citations omitted).
"[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)],
claims based on invalid legal theories, even though they may be
otherwise well-pleaded."  Flynn v. State Farm Fire and Casualty
Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)
(citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

### III.  Analysis

**A.  Section 1983 Claims Against the City of Seabrook**

42 U.S.C. § 1983 provides a private right of action for the
deprivation of rights, privileges, and immunities secured by the
Constitution or laws of the United States.  Section 1983 states:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory
> or the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other

> proper proceeding for redress, except that in any action
> brought against a judicial officer for an act or omission
> taken in such officer's judicial capacity, injunctive
> relief shall not be granted unless a declaratory decree
> was violated or declaratory relief was unavailable. . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 109 S. Ct. 1865, 1870 (1989) (quoting <u>Baker v. McCollan</u>, 99 S. Ct. 2689, 2694 n.3 (1979)). A complainant under § 1983 must allege that she suffered "(1) a deprivation of a right secured by federal law (2) that occurred under color of state law, and (3) was caused by a state actor." <u>Victoria W. v. Larpenter</u>, 369 F.3d 475, 482 (5th Cir. 2004) (citing <u>Bush v. Viterna</u>, 795 F.2d 1203, 1209 (5th Cir. 1986)). Plaintiff must also allege that the constitutional or statutory deprivation she suffered was not the result of mere negligence. <u>See</u> <u>Sanchez v. Swyden</u>, 139 F.3d 464, 469 (5th Cir. 1998) ("we have required proof that the official's actions went beyond mere negligence before that tort takes on constitutional dimensions").

The Supreme Court held that municipalities are "persons" subject to suit under Section 1983, but that municipalities cannot he held liable on a <u>respondeat superior</u> basis, i.e., a municipality cannot be held liable simply because one of its employees violated a person's federal rights. <u>Monell v. Department of Social Services of the City of New York</u>, 98 S. Ct. 2018, 2035-36 (1978). For a municipality to be held liable under Section 1983, the municipality

itself must cause the violation through its policies or customs. Id. at 2037-38. To establish municipal liability under Section 1983 plaintiffs

> must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." . . . A plaintiff must identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom."

Valle v. City of Houston, 613 F.3d 536, 541-42 (5th Cir. 2010), cert. denied, 13 S. Ct. 2094 (2011) (citing Monell, 98 S. Ct. at 2037-38, and quoting Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002)).

Plaintiff's respondeat superior claim will be dismissed because a governmental entity may not be held liable under Section 1983 on the basis of respondeat superior or vicarious liability. Monell, 98 S. Ct. at 2036. For the remaining claims to survive Defendant's Motion to Dismiss, Plaintiff must assert plausible factual allegations to support the three elements of municipal liability.

1. Policymaker

The plaintiff must "identify a policymaker with final policymaking authority . . . ." Rivera v. Houston Independent School Dist., 349 F.3d 244, 247 (5th Cir. 2003). A policymaker is someone who has the responsibility of setting municipal policy with respect to the action ordered. Pembaur v. City of Cincinnati, 106

S. Ct. 1292, 1299 (1986); City of St. Louis v. Praprotnik, 108 S. Ct. 915, 924 (1988). The final policymaker must also "be chargeable with awareness of the custom." Milam v. City of San Antonio, 113 F. App'x 622, 625 n.3 (5th Cir. 2004). Whether an official possesses final policymaking authority for purposes of municipal liability is a question of state and local law. Pembaur, 106 S. Ct. at 1300.

Plaintiff did not allege that Officer Hough was a policymaker or identify any other policymaker for the City in her Original Petition. Plaintiff argues in her Response that Officer Hough was a policymaker "by virtue of his position as a peace officer" and the issue "should not be contested here."[8] She alleges no other facts regarding Officer Hough's final policymaking authority with respect to the action ordered. Nor does Plaintiff allege that Officer Hough, as a policymaker, established, approved of, or was aware of any unconstitutional policy. Plaintiff has therefore not alleged facts that plausibly satisfy this requirement of Monell.

2. Official Policy, Custom, or Practice

An official policy may be shown either with (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by someone with policymaking authority, or (2) "[a] persistent, widespread practice of city officials or

_____

[8]Plaintiff's Response, Docket Entry No. 3, pp. 5-6.

employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." <u>Burge v. St. Tammany Parish</u>, 336 F.3d 363, 369 (5th Cir. 2003) (quoting <u>Bennett v. City of Slidell</u>, 735 F.2d 861, 862 (5th Cir. 1984)). Where the municipal actors are not policymakers, the Plaintiff must show a pattern of unconstitutional conduct. <u>Zarnow v. City of Wichita Falls, Texas</u>, 614 F.3d 161, 169 (5th Cir. 2010). "Alternatively, it may be shown that a *final policymaker* took a single unconstitutional action." <u>Id.</u> (emphasis in original). But those circumstances are "extremely narrow and give[] rise to municipal liability only if the municipal actor is a final policymaker." <u>Valle</u>, 613 F.3d at 542. "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability." <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 581 (5th Cir. 2001) (quoting <u>Bennett</u>, 728 F.2d at 768 n.3). To properly state a claim "[t]he description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." <u>Spiller v. City of Texas City, Police Dept.</u>, 130 F.3d 162, 167 (5th Cir. 1997).

Plaintiff has not alleged that the City had a relevant policy statement, ordinance, regulation, or decision that is officially

adopted.   Alleging that Officer Hough acted "under regulations, policies and customs"[9] is a conclusory statement unsupported by factual allegations necessary to properly allege that a policy or custom existed.   Vanskiver failed to allege facts that demonstrate a pattern of similar incidents or any widespread custom of constitutional violations.   Vanskiver must therefore allege that a person with final policymaking authority took the single unconstitutional action.   But as explained in Part III(A)(1) above, Plaintiff has not alleged that a person with policymaking authority caused her injuries.   Plaintiff has therefore failed to allege the deprivation of a federally protected right that resulted from an official municipal policy.

    3.   <u>Moving Force Causation</u>

    Under the third requirement Plaintiff must allege "moving force" causation -- "that is, that the policy or custom is the cause in fact of the rights violation."   <u>Crawford v. City of Houston Texas</u>, 260 F. App'x 650, 652 (5th Cir. 2007).   "[A] plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights."   <u>Board of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 117 S. Ct. 1382, 1385 (1997).   This means "[a]

_____

    [9]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry 1-1, p. 2.

plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." <u>Id.</u> at 1392. "Deliberate indifference is a high standard——'a showing of simple or even heightened negligence will not suffice.'" <u>Valle</u>, 613 F.3d at 542 (quoting <u>Brown</u>, 117 S. Ct. at 1390).

Plaintiff has not alleged that the City's policy or custom was a moving force of Plaintiff's rights violation. Plaintiff's conclusory allegation that the City's policies and customs "enabled [Officer Hough] to act with deliberate indifference to the constitutional rights of individuals, including without limitation, your Plaintiff" does not state facts that plausibly show a causal link between municipal action and a deprivation of Plaintiff's federally protected rights or any deliberate indifference to Plaintiff's rights.

4.  <u>Failure to Train</u>

"A municipality's failure to train its police officers can without question give rise to § 1983 liability." <u>World Wide Street Preachers Fellowship v. Town of Columbia</u>, 591 F.3d 747, 756 (5th Cir. 2009) (citations omitted). However, when a plaintiff seeks to impose Section 1983 liability on a municipality for its failure to train its employees, normal tort standards are replaced with heightened standards of culpability and causation. <u>City of Canton,</u>

<u>Ohio v. Harris</u>, 109 S. Ct. 1197, 1204-05 (1989)). To plead a plausible failure-to-train claim, a plaintiff must allege facts that allow the court to draw the reasonable inference that

> (1) the municipality's training policy or procedure was inadequate; (2) the inadequate training policy was a "moving force" in causing violation of the plaintiff's rights; and (3) the municipality was deliberately indifferent in adopting its training policy.

<u>Valle</u>, 613 F.3d at 544 (citing <u>Sanders-Burns v. City of Plano</u>, 594 F.3d 366, 381 (5th Cir. 2010); <u>Pineda</u>, 291 F.3d at 332). Liability for failure to train "depends upon whether it should have been obvious . . . or . . . whether [there was] sufficient notice [ ] that the failure to train . . . was likely to lead to a violation of the Fourth Amendment." <u>Brown v. Bryan County, Oklahoma</u>, 219 F.3d 450, 460 (5th Cir. 2000). A plaintiff can allege facts to plausibly suggest deliberate indifference for purposes of failure to train by pleading a "'pattern of similar constitutional violations by untrained employees.'" <u>Pena v. City of Rio Grande City</u>, ___ F.3d ___, 2018 WL 386661, *7 (5th Cir. Jan. 12, 2018) (citing <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1360 (2011)). Alternatively, a plaintiff may allege deliberate indifference based on the single incident, but that circumstance is rare and "a plaintiff must prove that the highly predictable consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the moving force behind the constitutional violation." <u>Sanders-Burns</u>, 594 F.3d at 381 (internal citations and quotations omitted).

As to the City's failure to train, Plaintiff alleges:

> These policies and customs failed to adequately train and supervise their employees and encouraged Defendant's employee, specifically Officer Hough, to ignore the constitutional rights of persons similarly situated to Plaintiff, including your Plaintiff, and resulted in violations of 1) The Texas Tort Claims Act; 2) the constitutional rights protecting her from excessive force under the 4th Amendment to the U.S. Constitution; and/or 3) 42 U.S.C. 1983.[10]

This conclusory allegation does not provide any facts from which the court can draw the reasonable inference that a pattern exists. Nor does the bare language in the allegation contain any facts sufficient to claim this incident was a "highly predictable" result of inadequate training. Plaintiff's Original Petition therefore fails to allege facts sufficient to support a claim of municipal liability for failure to train.

5.    Conclusion

Plaintiff's generic, conclusory allegations of the elements of municipal liability fail to state a claim for relief under 42 U.S.C. § 1983 against the City of Seabrook. The Motion to Dismiss this claim will therefore be granted.

B.    **Texas State Claims**

1.    Texas Tort Claims Act ("TTCA")

Plaintiff alleges that the City of Seabrook "violated the Texas Tort Claims Act which specifically waives municipal immunity

---

[10]Id. at 2-3.

for personal injuries caused from use of tangible property."[11] Plaintiff alleges that her injuries resulted from Officer Hough's excessive use of force in putting weight and pressure on her arms with his baton.[12]

A Texas municipality may not be held liable for Texas common law causes of action unless the Texas legislature has waived its governmental immunity. City of Watauga v. Gordon, 434 S.W.3d 586, 589 (Tex. 2014). Immunity is waived for claims brought under the TTCA, Tex. Civ. Prac. & Rem. Code §§ 101.001, et seq. Id. The TTCA requires state law claims to arise in one of two ways: (1) from the conduct of a governmental unit's employee that involves the operation of a motor-driven vehicle or equipment; or (2) from the condition or use of tangible personal property or real property if the governmental unit would, were it a private person, be liable to the claimant under Texas law. Tex. Civ. Prac. & Rem. Code § 101.021.

The TTCA does not waive immunity for intentional torts such as assault, battery, or false imprisonment. See Tex. Civ. Prac. & Rem. Code § 101.057(2); Franka v. Velasquez, 332 S.W.3d 367, 376 & n.35 (Tex. 2011). False arrest is an intentional tort under Texas law. See Stinson v. Fontenot, 435 S.W.3d 793, 793 (Tex. 2014) (including "wrongful arrest" and "malicious prosecution" in a list

---

[11]Id. at 2.

[12]Id.

of intentional torts). The Texas Supreme Court held as a matter of state law, "[c]laims of excessive force in the context of a lawful arrest arise out of a battery rather than negligence, whether the excessive force was intended or not." Gordon, 434 S.W.3d at 593. A claim properly stated as an intentional tort may not be restated as a claim for negligence. Lopez-Rodriguez v. City of Levelland, Texas, 100 F. App'x 272, 275 (5th Cir. 2004) (per curiam). Because Plaintiff's claim for use of excessive force is an intentional tort, Plaintiff has failed to state a claim under the TTCA, and Defendant's Motion to Dismiss this claim will be granted.

2. Notice Requirement

The City of Seabrook also argues that Plaintiff's TTCA claim should be dismissed because Plaintiff failed to present a timely notice of claim. The Texas Civil Practice and Remedies Code § 101.101 provides:

> (a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:
>
>> (1) the damage or injury claimed;
>>
>> (2) the time and place of the incident; and
>>
>> (3) the incident.

Tex. Civ. Prac. & Rem. Code § 101.101(a). The statute also states:

> (b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.

-14-

Id. § 101.101(b). The Texas Government Code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code § 311.034. The City of Seabrook Charter, Section 11.18 states:

> Before the City shall be liable for any claim for damages for the death or personal injuries of any person or for damages to property, the complainant or his or her authorized representative shall notify the City Secretary. The notification shall be in writing and shall state specifically how, when and where the death, injury, or damage occurred; the amount of loss claimed; and the identity of any witnesses upon whom it is relied to establish the claim. The notification shall be filed within forty-five (45) days of the date of injury, damage, or death. No action at law shall be brought against the City until at least sixty (60) days have elapsed since the date of notification; after this period, the complainant may then have two (2) years in which to bring an action of law.[13]

City of Seabrook, TX, Code of Ordinances, art. XI, § 11.18 (2007).

Plaintiff has failed to allege facts which show she timely presented a notice of claim to the City. In her Response Vanskiver attaches a July 24, 2017, notice letter she forwarded to the City in support of her argument that she provided proper notice.[14] But since the alleged violation occurred on January 28, 2017,[15] the

---

[13]Certificate — City of Seabrook, attached to Defendant's Motion to Dismiss, Docket Entry No. 2-1, p. 2.

[14]See Plaintiff's Response, Docket Entry No. 3, p. 3; Letter to City Attorney for Seabrook, July 24, 2017, attached to Plaintiff's Response, Docket Entry No. 3-1, p. 1.

[15]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 2.

notification letter was not filed within 45 days of the date of injury. Because Plaintiff's notice of claim was untimely, she failed to meet the jurisdictional requirements of the Texas Civil Practice and Remedies Code § 101.101(b).

## C.  Plaintiff's Requests for Leave to Amend

In her Response Plaintiff seeks leave to amend.[16] Likewise, in her Supplemental Response "Plaintiff respectfully requests that Defendant's Motion to Dismiss be denied or, in the alternative, that Plaintiff be granted leave to amend her petition and file an Original Federal Complaint to satisfy any and all defects contained [in] her state pleading."[17]

"Rule 15(a) requires a trial court 'to grant leave to amend "freely," and . . . 'evinces a bias in favor of granting leave to amend.'" Jones v. Robinson Property Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting Lyn-Lea Travel Corp. v. American Airlines, 283 F.3d 282, 286 (5th Cir.), cert. denied, 123 S. Ct. 659 (2002)). A court must possess a substantial reason to deny a request for leave to amend, but leave to amend is not automatic and is, instead, left to the court's discretion. Id. (citing Halbert v. City of Sherman, Texas, 33 F.3d 526, 529 (5th Cir. 1994)). The Fifth Circuit has stated that

---

[16]Plaintiff's Response, Docket Entry No. 3, p. 6.

[17]Plaintiff's Supplemental Response, Docket Entry No. 5, p. 3.

> [g]ranting leave to amend . . . is not required if the
> plaintiff has already pleaded her "best case." . . . A
> plaintiff has pleaded her best case after she is
> "apprised of the insufficiency" of her complaint. . . .
> A plaintiff may indicate she has not pleaded her best
> case by stating material facts that she would include in
> an amended complaint to overcome the deficiencies
> identified by the court.

Wiggins v. Louisiana State University-Health Care Services Division, ___ Fed. App'x ___, 2017 WL 4479425, *2 (5th Cir. Oct. 6, 2017). Moreover, a "court need not grant a futile motion to amend." Legate v. Livingston, 822 F.3d 207, 211 (5th Cir.), cert. denied, 137 S. Ct. 489 (2016) and 137 S. Ct. 1139 (2017) (citing Stripling v. Jordan Production Co., 234 F.3d 863, 872-73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." Id.

Plaintiff has neither filed a formal motion to amend nor submitted a proposed amended complaint. Instead, plaintiff has urged the court to deny Defendant's Motion to Dismiss, and has asked the court for leave to amend in the alternative.[18] In Plaintiff's Response and Supplemental Response she adds factual allegations that were not present in her Original Petition. In her Response Plaintiff alleges that Officer Hough was a policymaker for

---

[18]Id.

the City of Seabrook,[19] and adds the following facts in her Supplemental Response:

> It is alleged that Officer Hough was arresting Plaintiff's son in front of Plaintiff's residence for an unrelated offense when Plaintiff emerged from her house and asked Officer Hough, in a concerned but unthreatening manner, why the police officer was arresting her son. Officer Hough dismissed her question with a profanity-laced outburst and then arrested Plaintiff for assaulting a peace officer. After Plaintiff had been handcuffed by another officer at the scene, but before she could be placed in the back of a patrol car, Officer Hough brought his baton down on Plaintiff's cuffed wrists with enough force to cause a compound fracture of the bones in the right wrist. Plaintiff has had to undergo surgery to set the bones and to have a permanent metal rod installed in her arm. She will experience pain and disability for the rest of her life.[20]

These added facts do not cure the deficiencies of the Original Petition. They do not allege any facts demonstrating a municipal policy or custom, a policymaker, a causal connection, or any elements of failure-to-train liability. Nor do they establish that the City has waived immunity under the TTCA. See §§ III(A)-(B), above. Because of Plaintiff's failure to respond to Defendant's Motion to Dismiss with facts that would be capable of establishing municipal liability under Section 1983 or the TTCA, the court concludes that amendment would be futile.

---

[19]Plaintiff's Response, Docket Entry No. 3, pp. 5-6.

[20]Plaintiff's Supplemental Response, Docket Entry No. 5, p. 2.

## IV.  Conclusions and Order

For the reasons explained above, Plaintiff has failed to state a claim upon which relief can be granted against the City of Seabrook under 42 U.S.C. § 1983 or under the Texas Tort Claims Act. Therefore, Defendant's Motion to Dismiss (Docket Entry No. 2) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 24th day of January, 2018.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE
